SUMMARY ORDER

Petitioner Chun Hua Zhang, a native and citizen of the People’s Republic of China, seeks review of a January 31, 2008 order of the BIA denying her motion to reopen. In re Chun Hua Zhang, No. A077 341 473 (B.I.A. Jan. 31, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the agency’s denial of a motion to reopen for abuse of discretion. See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008).
We conclude that the agency did not abuse its discretion in denying Zhang’s untimely motion to reopen because we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish either materially changed country conditions or an objectively reasonable fear of persecution. See id. at 169-72 (noting that *531 “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. B.I.A., 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). Zhang argues that the BIA abused its discretion when it failed to consider a 2006 notice purportedly issued by the “Population and Family Planning Bureau of Changle City,” as evidence that persons with two or more children born in the United States are forcibly sterilized in China. That argument is unavailing because the BIA reasonably questioned the probative weight of that redacted document because it did not relate to Zhang or her husband, was not an original document, and was not authenticated. Cf. Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 404-05 (2d Cir.2005) (holding that an IJ may not reject an asylum-seeker’s document solely because the document was not authenticated pursuant to the regulations). The BIA’s rejection of the 2006 notice was also reasonable in light of the adverse credibility determination that had been rendered against Zhang in her underlying proceedings. See Qin Wen Zheng v. Gonzales, 500 F.3d 143, 146-48 (2d Cir.2007) (finding no error in the BIA’s refusal to credit an unauthenticated document when its rejection of the document was based substantially on legitimate credibility concerns and contrary evidence as opposed to being based solely on lack of authentication).
While Zhang argues that the BIA abused its discretion by failing to conduct an individualized analysis of the evidence she submitted, we have rejected the notion that the agency must “expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner,” Jian Hui Shao, 546 F.3d at 169, and will “presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise,” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 338 n. 17 (2d Cir.2006).
Zhang’s argument that she is entitled to file a successive asylum application based on the birth of her children in the United States and her recent religious activity fails under Yuen Jin v. Mukasey, 538 F.3d 143 (2d Cir.2008).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).